[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Alan Dressler, has brought this action against Valvoline Instant Oil Change Franchising, Inc. d/b/a Instant Oil Change in two counts.
The first count alleges negligence against the defendant in that said defendant improperly changed transmission fluid in the plaintiff's vehicle causing a leak which damaged the plaintiffs transmission.
The second count alleges CUTPA violations. This count was withdrawn at the conclusion of the evidence.
The first count in negligence alleges that on May 29, 1996, the plaintiff employed the defendant to change the oil and transmission fluid in the plaintiffs 1988 Toyota Camry. The defendant's place of business was located in Guilford, Connecticut. A few days late. while driving in Norwalk, Connecticut, he heard a loud noise, the car stopped, and he found a lot of transmission fluid escaping. He went to a Valvoline Instant Oil Change outlet in Norwalk and claims he was told the transmission was empty and that he had a transmission problem in that the fluid was leaking from the gaskets. He consulted he is own expert, Hugh Richardson, who testified that when he examined the transmission, he found that the converter seal had burned out which he attributed to lack of fluid. Upon questioning by the court, he was unable to state what, if anything, the defendant had done to cause this condition.
The plaintiffs complaint alleges five specifications of negligence.
1. The defendant failed to properly change the transmission fluid in the vehicle, causing said damage to plaintiff's vehicle.
2. Defendant improperly changed the fluid in the transmission damaging plaintiff's transmission in the process.
3. Defendant improperly failed to check the seals in the CT Page 13157 transmission in order to prevent a leak.
4. Defendant failed to warn the plaintiff of a leak when defendant knew or should have known, that there was a transmission leak.
5. Defendant failed to properly check the transmission in order to determine whether there was a leak.
The plaintiff had the burden of proving by a fair preponderance of the evidence, at least one of these specifications. The court finds that the plaintiff has failed to sustain such burden. The defendant was engaged to change the oil and transmission fluid, not to inspect the seal or transmission. Plaintiff's EXA. shows that after the oil change the dip stick indicated that the level of fluid showed full, and this was initialed by the plaintiff. In addition, after the change at the defendants place of business, the plaintiff drove the car for several days, which, as testified to by his own expert, he would have been unable to do, if the level of fluid was inadequate, or leaking.
Apart from this, it appears that the plaintiff has sued the wrong defendant, as shown by EXA., which reveals that the entity which changed the fluid was not the named defendant, but an independent licencee of Valvoline Instant Oil Franchising, Inc.
Judgment may enter in favor of the defendant.
Belinkie, J.